UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL PEREZ XAJIL,

        Petitioner,

    v.

                             Case No. 2:26-cv-00945-KCD-DNF

FIELD OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT,
MARKWAYNE MULLIN,
SECRETARY, U.S. DEPARTMENT
OF HOMELAND SECURITY;
PAMELA BONDI, U.S. ATTORNEY
GENERAL, EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW;
AND  WARDEN, FLORIDA SOFT
SIDE SOUTH FACILITY,

        Respondents,

_____/

## **ORDER**

Petitioner Fidel Perez Xajil has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 12-13.) He also accuses the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Government of holding him illegally because he holds deferred action status. (*Id.*) Respondents oppose the petition. (Doc. 6.)

The facts that matter are simple. Xajil first entered in the United States in 2007. He was caught and self-deported. (Doc. 6 at 1-2.) He then reentered the country and settled in Florida.

Pertinent here, he took steps to regularize his status, applying for a U-1 nonimmigrant visa. In 2024, U.S. Citizenship and Immigration Services issued a "Bona Fide Determination" regarding his U-visa petition. (Doc. 1-4.) With that determination came a grant of deferred action status. (*Id.* at 1.) Nevertheless, on March 26, 2026, ICE agents detained Xajil while on his way to work. (Doc. 1 at 11.) He has been in immigration custody ever since.

The Government claims it is detaining Xajil "under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A)." (Doc. 6 at 2.) But under the Eleventh Circuit's most recent decision, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026), aliens who surreptitiously enter in the country fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. The reasoning from *Hernandez Alvarez* applies equally here. So the "[f]ederal regulations provide that [Xajil] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

But there is an even bigger problem that warrants Xajil's immediate release. When the government dabbles detains a noncitizen pending immigration

proceedings, it must have a legitimate, non-punitive reason for doing so. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings."). Typically, the reason is straightforward: the government detains a noncitizen to ensure he is available for removal. But that justification rests on a critical premise—that the government actually *can* remove him. Here, it cannot. Yet the Government has detained Xajil anyway, offering a defense that inexplicably ignores the legal shield preventing his deportation.

Xajil holds deferred action status. (Doc. 1-4.) As the Eleventh Circuit has explained, deferred action status "amounts to, in practical application, a reprieve for deportable aliens." *Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1259 n.2 (11th Cir. 2012). When a noncitizen holds deferred action status, "[n]o action (i.e., no deportation) will be taken." *Id.*

The Government aggressively defends its statutory authority to detain Xajil. But its opposition manages to completely ignore the elephant in the room: the U-visa application and his active deferred action status. (*See* Doc. 7.) As other courts have recognized in this situation, "[b]y detaining Petitioner . . ., ICE appears to be acting contrary to DHS's exercise of

discretion and the protections that accompany it." *Castillo v. Parra,* No. 25-25011-CV, 2025 WL 4092624, at *6 (S.D. Fla. Dec. 1, 2025).

To be sure, the agency's expressed intent to retract the deferred action could justify continued detention. After all, "deferred action is . . . the result of executive discretion and is revocable at any time." *Tiniguar v. Ripa,* No. 26-60008-CIV, 2026 WL 1077795, at *5 (S.D. Fla. Apr. 21, 2026). But here, the Government has done no such thing. There is no indication in the record that USCIS or ICE has revoked Xajil's deferred action status. There is not even a whisper of an intent to do so. The Government simply scooped up a man protected by an active grant of deferred action and locked him in a cell.

As mentioned, substantive due process requires immigration detention to bear a reasonable relationship to its purpose. The only proffered purpose for detaining Xajil is to hold him for removal. Yet his unrevoked deferred action status legally forecloses that result. Consequently, the Court can only conclude that his detention is arbitrary and thus unlawful. *See Demore v. Kim*, 538 U.S. 510, 526 (2003) ("[T]he Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings[.]"). The remedy for such an unlawful detention is immediate release.

Accordingly, it is **ORDERED**:

4

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Xajil from custody within 48 hours of this order under any prior conditions of supervision, which he must continue to comply with. Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

3. The Clerk is directed to enter judgment in favor of Xajil, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on May 20, 2026.

Kyle C. Dudek
United States District Judge